**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marco Antonio**
**RODRIGUEZ–RODRIGUEZ,**
**Defendant-Appellant.**

**No. 84–5035.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1984.

Decided Sept. 17, 1984.

Kathryn D. Freeman, Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Kathryn D. Freeman, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Larry Ainbinder, Federal Defenders of San Diego, San Diego, Cal., for defendant-appellant.

## OPINION

Appeal from the United States District Court for the Southern District of California.

Before ELY and GOODWIN, Circuit Judges, and RYMER,* District Judge.

## PER CURIAM.

This appeal from a misdemeanor conviction (8 U.S.C. § 1325) challenges the denial of a jury trial and the failure to give *Mi-randa* warnings before asking an alien about his immigration status. We affirm.

■ The alleged collateral consequences that may flow from future illegal behavior do not convert the border-crossing misdemeanor into a "serious offense" for which the Sixth Amendment requires a trial by jury. *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

The appellant relies on *United States v. Craner,* 652 F.2d 23 (9th Cir.1981), for the proposition that the collateral consequences of a misdemeanor conviction make the case a "serious offense" and therefore mandate a jury trial. The *Craner* court looked to state law and found that the probable loss of a driver's license made drunk driving a "serious offense." The *Craner* court also looked to state law and found that only five of the United States deny a jury trial in such cases if demanded by the defendant. We held that the administrative burden on the federal courts would not justify denial of trial by jury to those rare federal defendants who are charged with driving on federal reservations while under the influence of intoxicants. *Craner* does not create a *per se* rule that the collateral consequences of a misdemeanor conviction automatically create a constitutional right to trial by jury.

We recognize the gravity of the collateral consequences of this misdemeanor conviction if Rodriguez should choose to make another illegal border crossing. But the collateral consequences of future crime are easily distinguishable from the collateral consequences in *Craner* which were the probable result of the charged offense.

In *United States v. Arbo,* 691 F.2d 862 (9th Cir.1982), we held that the penalty is ordinarily the dividing line between "petty" offenses and "serious" offenses for Sixth Amendment purposes. We noted that in the absence of collateral consequences of the kind illustrated by *Craner,* the bright-line rule looks to the maximum authorized penalty as the guideline. *See e.g., Duncan v. Louisiana,* 391 U.S. 145, 160, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968).

---

* The Honorable Pamela A. Rymer, United States District Judge for the Central District of California, sitting by designation.

The inquiry in the San Diego railway station about immigration status did not, in the circumstances of this case, approach the level of custodial interrogation contemplated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See Berkemer v. McCarty,* —— U.S. ——, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

Affirmed.